## SANDERS v. SOUTHERN TRACTION CO. OF ILLINOIS. et al.

## MARQUETTE NAT. FIRE INS. CO. v. SOUTHERN TRACTION CO. OF · ILLINOIS.

(Circuit Court of Appeals, Seventh Circuit. January 30, 1924. Rehearing Denied April 23, 1924.) .

No. 3310.

1. **Receivers** ⊜➡152—**Creditors loaning money on receiver's certificates entitled to preference under agreement with contractor, though certificates illegal.**

    Where principal contractor for traction company agreed to give those who loaned their money and took receiver's certificates preference over its own claim, such persons are entitled to preferential payment out of funds awarded contractor, though receiver's certificates were illegal and created no lien.

2. **Bankruptcy** ⊜➡151—**Trustee stands in bankrupt's position as to receiver's certificates owned by it.**

    Trustee of a bankrupt company, which possessed receiver's certificates, stands in the same position as the company.

Appeal from the District Court of the United States for the Eastern District of Illinois.

Suit by Jared Y. Sanders against the Southern Traction Company of Illinois and others. From a decree denying the petition of the Marquette National Fire Insurance Company for a preferential payment, it appeals. Reversed, with directions to proceed as indicated in the opinion.

Hugh O'Neill, of Chicago, Ill., for appellant.

Francis M. Lowes, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. For a complete statement of facts involved in this appeal, see the opinion in this case, reported in 283 Fed. 50. In disposing of the petition for rehearing in that case we said:

"It may be more convenient and more equitable that the question of preferential claim against the trustee be determined in this cause. The petitions of the certificate holders for a rehearing are overruled, with the qualification that what has been so far adjudicated shall not be a bar to their assertion of claims for preferential payment out of the sums otherwise payable herein to ·the trustee."

─────────

⊜➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This question of preferential payment was thus expressly left open for determination by the decree of this court. Upon the record being returned to the District Court, appellant filed what is termed its second petition, making claim to a preferential payment out of the amount thus awarded Thomas, trustee. The Marquette National Fire Insurance Company now appeals from a decree denying the relief sought under that modified decree.

[1] Appellant's asserted claim to preference is not predicated upon the void certificate, but upon an agreement made by Lorimer & Gallagher Company, contractors, prior to appellant's loan. This agreement, the existence of which is established, provided that:

"The said defendant, Lorimer & Gallagher Company, consents that the receiver's certificates, to the amount of $500,000, payable two years from date, with interest thereon at the rate of 6 per cent. per annum, payable annually, * * * may be taken and held to be a first valid and prior lien upon the railroad of the said Southern Traction Company from East St. Louis to Belleville and to the Vulcan mine, and a first valid and prior lien upon all of the property paid for by said receiver's certificates, or the proceeds thereof, and *superior in equity to the claims, right of lien, and demand* of the said Lorimer & Gallagher Company upon the said railroad of said Southern Traction Company of Illinois, * * * and that said receiver's certificates, or the proceeds thereof, up to the amount of $304,360.49, may be charged against and deducted from the amount due to said Lorimer & Gallagher Company from the said Southern Traction Company."

Not only does the evidence establish the existence of this agreement, but it appears that when William Lorimer was charged with misconduct as a receiver, and a rule to show cause why he should not be removed as receiver was entered, he made answer and filed a consent on the part of Lorimer & Gallagher Company to the entry of an order containing the language heretofore set forth. The court thereupon directed such agreement or consent on the part of Lorimer & Gallagher Company to be filed as a matter of record, and then directed the receiver to invest the proceeds derived from the sale of certificates in rolling stock, etc.

[2] Appellee, as the trustee of Lorimer & Gallagher Company, bankrupt, stands in the same position as the bankrupt company, which at one time possessed receiver's certificates to the amount of $1,050,-000. Bankrupt's agreement to give to those who loaned their money and took receiver's certificates therefor preference over their own claim under such receiver's certificates, was binding on appellee. The certificates to which preference was to be thus given were numbered and transferred to a bank, and appellant later purchased its holdings from the bank.

The decree of this court, holding such receiver's certificates created no lien upon the property of the traction company, is of course res adjudicata. But an entirely different issue is presented by appellant's second petition. As between the trustee of Lorimer & Gallagher Company, bankrupt, and a claimant to whom bankrupt had given a preference, the agreement of Lorimer & Gallagher Company is binding, and upon the evidence before us appellant is entitled to a preferential payment out of the fund awarded to Lorimer & Gallagher Company.

From the record before us, we are not informed as to the exact amount received by Lorimer & Gallagher Company from the proceeds of the sale of the traction company property, nor are we advised as to the amount of the claims standing in the same position as appellant's. It therefore becomes necessary to remand, with directions to determine the extent of appellant's preference by general rules of apportionment which we now announce. The court must ascertain the amount due appellant, as well as other claimants in the same class, by virtue of the agreement above quoted, and apportion to appellant on the basis of its proportion to the total amount of preferred claimants, the amount realized by appellee from the sale of said property, after deducting a reasonable amount for costs and expenses allowable for the collection of such claims by appellee.

The decree is reversed, with costs, and with directions to proceed as indicated in this opinion.